James J. Syme, Jr., AZ Bar No. 003476
Law Offices of James J. Syme, Jr.
13210 W. Van Buren, Suite 102
Goodyear, AZ 85338
Phone: 623-932-2070
Fax: 623-932-2660
Email: jjsymejr.esq@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MICHAEL RINEHART,<br>    Plaintiff,<br><br>v.<br><br>ARIZONA PUBLIC SERVICE COMPANY, an Arizona corporation,<br>    Defendant. | CASE NO.:<br><br>COMPLAINT<br><br>(Jury Trial Requested) |

Plaintiff, Michael Rinehart ("Plaintiff"), for his Complaint against Defendant, Arizona Public Service Company ("Defendant"), hereby alleges as follows:

PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Yavapai County, Arizona.

2. Defendant, Arizona Public Service Company, is an Arizona corporation, which is licensed to and transacting business in the County of Maricopa, State of Arizona.

JURISDICTION AND VENUE

3. All of the acts and events herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans With Disabilities Act and the ADA Amendments Act (collectively referred to as "ADA"), 42 U.S.C. Sections 12101, et seq.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. Sec. 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff was, at all times relevant hereto, an employee of Defendant within the meaning of the ADA.

7. At all times relevant hereto, Defendant has continuously been an employer within the meaning of the ADA.

8. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action and therefore jurisdiction is proper.

9. Personal jurisdiction in this Court is proper.

10. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

11. At all relevant times, Plaintiff was an employee of Defendant.

12. Upon information and belief, Defendant is an Arizona electric utility company that is a wholly owned subsidiary of Pinnacle West Corporation.

13. Plaintiff was initially hired by Defendant in 2006 as a Senior Engineer Technician.

14. At all times relevant, Plaintiff was qualified to perform the essential functions of his position.

15. At all times relevant, Plaintiff performed at or above a satisfactory level.

James J. Syme, Jr.
13210 West Van Buren, Ste. 102
Goodyear, AZ 85338

16. On October 14, 2017, Plaintiff was involved in an automobile accident which caused him physical injuries necessitating surgical procedures in February and March 2018, that included a cervical spine fusion.

17. As a result of the injuries and surgeries, Plaintiff was off work until early July, 2018.

18. Even before Plaintiff's return to work he received an email from his previous leader at Defendant advising that he would make sure they got an ergonomic chair for Plaintiff before he returned to work.

19. Plaintiff returned to work in early July, 2018. There was no ergonomic chair there to support his neck. So, Plaintiff showed a recommendation for an ergonomic chair written by his physical therapist to leaders at Defendant and requested that he be provided an ergonomic chair to support Plaintiff's fragile neck. Defendant, through its agents and representatives knew a chair was available and advised Plaintiff that one would be ordered.

20. Weeks went by with no chair and Plaintiff's neck began hurting him worse and worse so he made repeated inquiries to responsible leaders at Defendant's place of business but the delay in getting Plaintiff a reasonable accommodation for his ailing neck continued.

21. Nearly six months elapsed until an ergonomic chair to support Plaintiff's neck was finally ordered. But, by this time it was too late. The failure to accommodate Plaintiff's reasonable request for an ergonomic char has caused Plaintiff a significant neck injury causing him pain, inconvenience, medical care and treatment, out of pocket expenses and lost wages.

22. At all times relevant hereto Plaintiff had a disability that substantially limited a major life activity.

23.  At all relevant times Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation

24.  At all relevant times Plaintiff satisfactorily performed the essential functions of his position.

25.  As a result of Defendant's discriminatory actions, Plaintiff has been damaged in an amount to be proven at trial.

26.  On February 15, 2019, Plaintiff filed an EEOC charge of discrimination.

27.  On June 25, 2020, Plaintiff received the attached Notice of Right to Sue.

## DISCRIMINATION IN VIOLATION OF ADA

28.  The ADA prohibits discrimination against a qualified individual with a disability in regards to terms, conditions and privileges of employment. 42 U.S.C. Sec. 12112(a).

29.  Plaintiff has an impairment that substantially limits a major life activity.

30.  Plaintiff suffers from a disability as defined by the ADA.

31.  Defendant is an employer under the ADA.

32.  Defendant knew of Plaintiff's disability.

33.  Plaintiff is qualified to perform the essential functions of his position with or without a reasonable accommodation.

34.  Plaintiff engaged in protected activity by requesting a reasonable accommodation due to his disability.

35.  Defendant discriminated against Plaintiff by unreasonably delaying a reasonable accommodation for his disability.

36.  As a direct result of Defendant's illegal conduct Plaintiff has suffered mental, physical and emotional pain and suffering, personal injury, and incurred lost wages and medical expenses, all in an amount which will be proven at trial.

James J. Syme, Jr.
13210 West Van Buren, Ste. 102
Goodyear, AZ 85338

CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order such relief as is necessary to make Plaintiff whole, including, without limitation:

A. Declaring that the acts and practices complained of herein are in violation of the ADA;

B. An award of damages in an amount to be proven at trial;

C. An award of compensatory and punitive damages in an amount to be proven at trial;

D. Reasonable attorney fees and costs;

E. For such other and further relief as may be deemed just and equitable.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 21st day of September, 2020.

LAW OFFICES OF JAMES J. SYME, JR.

/s/ James J. Syme, Jr.
James J. Syme, Jr.
13210 W. Van Buren, Suite 102
Goodyear, Arizona 85338
Attorney for Plaintiff Michael Rinehart

EEOC Form 161-A (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Michael S. Rinehart
22331 S. State Route 89, Box 1162
Yarnell, AZ 85362

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2019-01218 | Jeremy A. Yubeta, Enforcement Supervisor | (602) 661-0015 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Elizabeth Cadle*
Digitally signed by Elizabeth Cadle
DN: cn=Elizabeth Cadle, o=EEOC, ou=Phoenix District Office, email=elizabeth.cadle@eeoc.gov, c=US
Date: 2020.06.25 00:10:29 -07'00'

Enclosures(s)

Elizabeth Cadle,
District Director

*(Date Mailed)*

cc: **Stanley Foreman**
Senior Attorney
Arizona Public Service
400 N 5th Street
MS8695
Phoenix, AZ 85004

**Nonnie Shivers**
Ogletree Deakins
2415 E. Camelback Road
Suite 800
Phoenix, AZ 85016